UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 3:21-CR-27-DPJ-FKB

ERICA L. HARMON

                                  ORDER

    Defendant Erica L. Harmon asks the Court to dismiss Counts 2 through 15 of the March 16, 2021 indictment entered against her. Mot. [19]. Because the Court finds the Indictment legally sufficient, Harmon's motion is denied.

I.    Facts and Procedural History

    At all relevant times, Harmon was employed by the Meridian Police Department, an entity that receives federal funding "including but not limited to federal funds from the United States Departments of Homeland Security, Justice, and Transportation." Indictment [4] ¶ 2. According to the Indictment in this case, "[o]n certain dates, . . . Harmon was paid for work for the Meridian Police Department at her assigned times and duty stations, when in fact as she then knew, she had not worked all the hours that she claimed in submitted time sheets." *Id.* ¶ 3. These allegedly fraudulent timesheets led to Harmon's indictment, on November 6, 2019, on a single count of violating 18 U.S.C. § 666(a)(1)(A) in an earlier-filed case. *See United States v. Harmon*, No. 3:19-CR-264-DPJ-FKB, Indictment [4] (S.D. Miss. Nov. 6, 2019). But the indictment in that case did not explain the basis for the charge, so Harmon successfully moved to have that indictment dismissed for "failure to specify what the crime was." *Id.* at Order [22] at 4 (S.D. Miss. Oct. 1, 2020) (quoting *United States v. Kay*, 359 F.3d 738, 759 (5th Cir. 2004)).

On March 16, 2021, the Government obtained a new indictment against Harmon, opening this criminal case. Count 1 of the Indictment ties the same § 666(a)(1)(A) charge to the allegedly fraudulent timesheets. The Indictment also adds 14 counts under 18 U.S.C. § 1519 related to 14 separately submitted allegedly fraudulent timesheets. Harmon seeks dismissal of the 14 new charges, claiming the indictment fails to allege a violation of § 1519.[1]

II.     Analysis

Federal Rule of Criminal Procedure 7(c) governs the nature and contents of a criminal indictment; it requires "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is legally sufficient if (1) 'each count contains the essential elements of the offense charged,' (2) 'the elements are described with particularity,' and (3) 'the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense.'" *United States v. Fairley*, 880 F.3d 198, 206 (5th Cir. 2018) (quoting *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir. 2013)). "An indictment that tracks a statute's words is generally sufficient as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Masha*, 990 F.3d 436, 443 (5th Cir. 2021) (quoting *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). Finally,

---

[1] Harmon's motion also hinted at a prosecutorial-vindictiveness argument for dismissing Counts 2 through 15; she says that at the arraignment on the Indictment in this case, her attorney "questioned the A.U.S.A. [about] the difference in the Indictments, [and] he stated 'since she didn't like the first one, give her something else to chew on'." Mot. [19] at 1; *see United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008) ("[A] prosecutor may not increase the charge against a defendant solely as a penalty for invoking a right, such as pursuing an appeal."). But because she did not make the legal argument for this defense, the Court held a status conference with counsel via Zoom on November 4, 2021. At the conclusion of that conference, the Court gave Harmon's counsel one week to inform the Court whether she wished to pursue a prosecutorial-vindictiveness argument for dismissal. Harmon never responded, so the Court finds any such argument is not before it.

when considering a motion to dismiss an indictment, the Court must "take the allegations of the indictment as true and . . . determine whether an offense has been stated." *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998).

Harmon challenges the charges brought under 18 U.S.C. § 1519.  That section provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States . . . shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.[2]

In Counts 2 through 15, the Indictment alleges that Harmon

> did knowingly alter, falsify and make a false entry in a record and document, to wit:  timesheets, with the intent to impede, obstruct and influence the investigation and proper administration of federal funds granted and given to the City of Meridian and the Meridian Police Departments, matters that the defendant knew and contemplated were within the jurisdiction of the United States Department of Justice, the United States Department of Homeland Security, and the United States Department of Transportation, each a department and agency of the United States.

---

[2] The Fifth Circuit Pattern Jury Instructions lay out the elements of a § 1519 violation as follows:

> *First*:  That the defendant knowingly altered [destroyed] [mutilated] [concealed] [covered up] [falsified] [made a false entry in] a record [document] [tangible object];
>
> *Second*:  That the defendant acted with the intent to impede [obstruct] [influence] the [investigation] [the proper administration of] in relation to [in contemplation of] a matter; and
>
> *Third*:  That the matter was within the jurisdiction of ___ (*name of agency or department*), which is an agency [a department] of the United States.

Fifth Circuit Pattern Jury Instructions (Criminal Cases) No. 2.65 (2019 ed.).

Indictment [4] ¶ 7.  The charging language thus tracks the language of the statute, which would ordinarily be sufficient.

Despite this, Harmon says the Indictment does not allege "that she in any way destroyed, altered or falsified any document . . . with the intent to impede or obstruct any investigation involving [f]ederal [f]unds." Mot. [19] at 3.  But that is precisely what the indictment alleges: it says Harmon "did knowingly alter, falsify and make a false entry in a record and document, to wit:  timesheets, with the intent to impede, obstruct and influence the investigation and proper administration of federal funds granted and given to the City of Meridian and the Meridian Police Departments." Indictment [4] ¶ 7.

Harmon also notes that "[t]he investigation into whether or not [she] falsified time sheets did not begin until late March 2019" and argues, without authority, that "[t]he same document cannot be used to (1) show that [she] was paid time that she did not work and (2) show that she was trying to impede an investigation that had not yet begun, nor she was aware [sic], nor did she have access to the documents to alter." Mot. [19] at 3–4.  Notably, § 1519 contains "no requirement that a defendant . . . know that [her] conduct is impeding or will impede a pending investigation." *United States v. Moore*, 708 F.3d 639, 649 (5th Cir. 2013).  "The text of § 1519 requires only proof that [Harmon] falsified documents and did so with the intent to 'impede, obstruct, or influence the investigation or proper administration of any matter' that happens to be within federal jurisdiction." *United States v. Moyer*, 674 F.3d 192, 209 (3d Cir. 2012).  Nor must the Government allege or prove that the investigation or proceeding Harmon intended to impede or obstruct was either underway or "on the verge of commencement" at the time she falsified the timesheets.  *Yates v. United States*, 574 U.S. 528, 547 (2015).  Finally, as to Harmon's suggestion that the Government must allege that she altered the timesheets after she initially

4

submitted them, she misapprehends the factual allegations of the Indictment. The Government's theory is not that Harmon altered the timesheets after they were submitted in an effort to impede an investigation. Instead, the Government contends that Harmon's submission of allegedly fraudulent timesheets in the first instance violated § 1519. *See* Indictment [4] ¶ 7. The Indictment sufficiently alleges 14 counts of violation of § 1519.

Finally, Harmon suggests that § 1519 is unconstitutionally vague. *See* Mot. [19] at 4 (describing statutes such as § 1519 as leading to "ludicrous federal prosecutions for offenses that traditionally fell well outside constitutionally anticipated federal purview" (punctuation altered)). The Fifth Circuit has considered and rejected a constitutional vagueness challenge to § 1519. *See United States v. McRae*, 702 F.3d 806, 838 (5th Cir. 2012). Harmon has not shown § 1519 is unconstitutionally vague as it pertains to her.

III.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Harmon's Motion to Dismiss Counts 2–15 of the Indictment [19] is denied.

**SO ORDERED AND ADJUDGED** this the 22nd day of November, 2021.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE